Amy Williams-Derry, OSB No. 196524
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington  98101
Telephone: (206) 623-1000
awilliams-derry@kellerrohrback.com

*Additional Counsel Listed on Signature Page*

*Counsel for Plaintiff and the Proposed Class*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| HILLBRO LLC dba HILLS RESTAURANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OREGON MUTUAL INSURANCE CO.,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## I.  INTRODUCTION

Plaintiff Hillbro LLC dba Hill's Restaurant ("Hillbro") individually and on behalf of all other similarly situated members of the defined national class and the defined Washington subclasses (the "Class Members"), by and through the undersigned attorneys, brings this class action against Defendant Oregon Mutual Insurance Company ("Defendant" or "Oregon Mutual") and alleges as follows based on personal knowledge and information and belief:

## II.  JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one member of the proposed Class and Washington subclass is a citizen of a state different from that of Defendant, the proposed Class and subclass each consist of more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2.      This Court has personal jurisdiction over Defendant because Defendant registered to do business in Oregon, has its principal place of business in Oregon, has sufficient minimum contacts in Oregon, and otherwise intentionally avails itself of the markets within Oregon through its business activities, such that the exercise of jurisdiction by this Court is proper.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendant, a substantial portion of the alleged wrongdoing occurred in this District and the State of Oregon, and Defendant has sufficient contacts with this District and the State of Oregon.

4.      Venue is proper in the District of Oregon pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District.

5.      Plaintiff's place of business is located in Shoreline, Washington, King County.

6.      Washington law applies to Plaintiff's claims.

-2-

### III.  PARTIES

7.    Plaintiff Hillbro owns and operates a dine-in restaurant and bar located at 1843 NW 195th St, Shoreline, WA 98177.

8.    Defendant Oregon Mutual is an Oregon corporation with its headquarters and principal place of business in McMinnville, Oregon.

9.    Oregon Mutual is authorized to write, sell, and issue business insurance policies in Washington, Oregon, California, Idaho, and Nevada. Oregon Mutual conducted business within these states by selling and issuing business insurance policies to policyholders, including Hillbro.

### IV.  NATURE OF THE CASE

10.    Hillbro is a staple in the community and a favorite destination for lunch, dinner, with an amazing happy hour and desserts, offering "sit-down" meals, together with a full bar and menu of creative cocktails.

11.    Due to COVID-19 and a state-ordered mandated closure, Plaintiff was forced to suspend or dramatically reduce its restaurant business operations.

12.    Plaintiff intended to rely on its business insurance to maintain income in case of an insured loss. This lawsuit is filed to ensure that Plaintiff and other similarly-situated policyholders receive the insurance benefits to which they are entitled and for which they paid.

13.    Oregon Mutual issued one or more insurance policies to Plaintiff, including a Businessowners Protector Policy and related endorsements under policy number BSP717899 (collectively, "the Policy"), insuring Plaintiff's property and business practice and other coverages from February 17, 2020 to February 17, 2021.

14.     Plaintiff's business property includes property owned and/or leased by Plaintiff and used for general business purposes for the specific purpose of operating a restaurant and other related business activities.

15.     Oregon Mutual Businessowners Property Coverage promises to pay Plaintiff for risks of "direct physical loss of or damage" to covered property and includes coverage for risks of "loss of or damage to" covered property.

16.     Oregon Mutual's Businessowners Property Coverage provides Plaintiff with Business Income Coverage, Extended Business Income Coverage, Extra Expense Coverage, Civil Authority Coverage, and Ingress Or Egress Coverage.

17.     Plaintiff paid all premiums for the coverage when due.

18.     On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

19.     COVID-19 is a highly contagious virus that rapidly and easily spreads; it continues to spread across the United States, including in the State of Washington.

20.     In many infected persons, COVID-19 causes severe illness and requires hospitalization, including intubation. The virus has killed over 500,000 people in the United States to date. Persons who survive the virus have experienced ongoing cognitive, neurological, and physical impacts from the virus, even after the virus is no longer actively detected in their bodies.

21.     The COVID-19 virus is a physical substance that spreads from person to person through respiratory droplets that reach another person and that are produced when an infected person breathes, talks, coughs, or sneezes. It also spreads when virus respiratory droplets are

-4-

exhaled and aerosolized, and deposited on a surface or object (e.g., tables, chairs, bar stools, microphones, glassware, kitchen and culinary equipment, door knobs, touch screens, computer keyboards, and writing or eating utensils) and those objects are then touched by another person who then touches their own mouth, nose, or eyes. COVID-19 is caused by a novel (new) coronavirus that has not previously been seen in humans.[1]

22.    COVID-19 remains stable and transmittable in aerosols for up to three hours and up to two or three days on surfaces. Persons infected with COVID-19 can be asymptomatic yet still spread the virus. Guidance issued by the Centers for Disease Control and Prevention ("CDC") recommends avoiding indoor activities, adhering to strict sanitation protocols, and maintaining social distance of at least six feet from others in order to minimize the spread of COVID-19.[2]

23.    Public health data throughout the United States, and on a state-by-state basis, shows that COVID-19 has been detected in every state.

24.    The first confirmed case of COVID-19 in King County was noted on January 21, 2020.[3]

25.    Public health data throughout the United States shows the number of COVID-19 tests administered, the rate of positive testing, the numbers of persons diagnosed with COVID-

---

[1] *See, e.g.*, *Coronavirus (COVID-19): Frequently Asked Questions*, CDC (updated Mar. 1, 2021), https://www.cdc.gov/coronavirus/2019-ncov/faq.html.
[2] *See Coronavirus (COVID-19): Personal and Social Activities*, CDC (updated Feb. 19, 2021), https://www.cdc.gov/coronavirus/2019-ncov/daily-life-coping/personal-social-activities.html.
[3] Casey McNertney, *Coronavirus in Washington State: A Timeline of the Outbreak Through March 2020*, KIRO 7 News (updated Apr. 3, 2020, 2:03 AM), https://www.kiro7.com/news/local/coronavirus-washington-state-timeline-outbreak/IM65JK66N5BYTIAPZ3FUZSKMUE/.

19, the number of persons hospitalized due to COVID-19, the number of deaths from COVID-19, and other related statistics, by state, county, and sometimes by city.[4]

26.     As of March 11, 2021, at least 327,672 individuals in the State of Washington have tested positive for COVID-19, 20,212 have been hospitalized, and 5,107 have died due to the COVID-19 virus.[5]

27.     As of March 11, 2021, at least 83,651 individuals in King County have tested positive for COVID-19, 5,193 have been hospitalized, and 1,435 have died due to the COVID-19 virus.[6]

28.     The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment renders that physical space, or physical property, unsafe and unusable.

29.     The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment causes direct physical damage to property and/or direct physical loss of property.

30.     The presence of any COVID-19 droplets or particles on physical surfaces renders items of physical property unsafe and unusable.

31.     The presence of any COVID-19 droplets or particles on physical surfaces causes direct physical damage to property and/or direct physical loss of property.

---

[4] *See, e.g.*, *Coronavirus in the U.S.: Latest Map and Case Count*, N.Y. Times (updated Mar. 8, 2021, 2:06 PM), https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html?action=click&module=Top%20Stories&pgtype=Homepage (reflecting COVID-19 statistics, on a state-by-state, county-by-county, and aggregated basis since March 2020).
[5] *COVID-19 Data Dashboard*, Wash. State Dep't of Health (last updated March 10, 2021, 11:59 PM), https://www.doh.wa.gov/Emergencies/COVID19/DataDashboard.
[6] *Id.*



CLASS ACTION ALLEGATION COMPLAINT                          Case No. _____

32.     The presence of people infected with or carrying COVID-19 particles at premises renders the premises, including property located at that premises, unsafe and unusable, resulting in direct physical damage and/or direct physical loss to the premises and property.

33.     Loss of functionality of property that has not been physically altered constitutes direct physical loss of property and/or direct physical damage to property.

34.     On February 29, 2020, Washington Governor Jay Inslee issued Proclamation 20-05, declaring a State of Emergency for all counties in the State of Washington as a result of the COVID-19 outbreak.[7]

35.     Thereafter, Governor Inslee issued a series of proclamations and orders affecting many persons and businesses in the State of Washington, whether infected with COVID-19 or not, requiring certain public health precautions.

36.     Some local agencies acted even more quickly than the state. On February 27, 2020, the Northshore School District closed Bothell High School to completely disinfect the entire school because of concerns about the safety of school property stemming from COVID-19.[8] On March 2, 2020, Everett Public Schools Superintendent Dr. Ian B. Saltzman made a similar announcement closing schools, highlighting that Everett Schools would clean both schools and school buses.[9]

---

[7] Proclamation 20-05 of Washington Gov. Jay Inslee (Feb. 29, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-05%20Coronavirus%20(final).pdf.
[8] See Michelle Reid, *Letter to Families: Bothell High School Closure*, Northshore School District (Feb. 26, 2020), https://www.nsd.org/blog/~board/superintendent-blog/post/letter-to-families-bothell-high-school-closure.
[9] See Ian B. Saltzman, *Superintendent's Message, March 2, 2020*, Everett Public Schools (Mar. 2, 2020), https://www.everettsd.org/Page/32622.

-7-

CLASS ACTION ALLEGATION COMPLAINT                          Case No. _____

37.    Issued March 12, 2020, Proclamation 20-08 closed all public and private K-12 schools in King, Pierce, and Snohomish counties.[10] Issued March 13, 2020, Proclamation 20-09, "Statewide K-12 School Closures," extended the school closure to the entire state.[11]

38.    Also on March 13, 2020, Governor Inslee issued Proclamation 20-11, "Statewide Limits on Gatherings," which prohibited all gatherings of 250 people or more in all Washington counties, including King County.[12]

39.    On March 16, 2020, Governor Inslee issued Proclamation 20-13, "Statewide Limits: Food and Beverage Services, Areas of Congregation" which amended Proclamation 20-05.[13] The proclamation prohibits "any number of people from gathering in any public venue in which people congregate for purposes of . . . food and beverage service."[14] The proclamation further prohibited "the onsite consumption of food and/or beverages" in all restaurants, bars, taverns, and for catered events.[15]

40.    Proclamation 20-13 further states that the pandemic "remains a public disaster affecting life, health, property or the public peace."[16]

---

[10] Proclamation 20-08 of Washington Gov. Jay Inslee (Mar. 12, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-08%20Coronavirus%20%28tmp%29.pdf.
[11] Proclamation 20-09 of Washington Gov. Jay Inslee, *Statewide K-12 School Closures* (Mar. 13, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-09%20Coronavirus%20Schools%20Amendment%20%28tmp%29.pdf.
[12] Proclamation 20-11 of Washington Gov. Jay Inslee, *Statewide Limits on Gatherings* at p. 2 (Mar. 13, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-11%20Coronavirus%20Gatherings%20Amendment%20%28tmp%29.pdf.
[13] Proclamation 20-13 of Washington Gov. Jay Inslee, *Statewide Limits: Food and Beverage Services, Areas of Congregation* (Mar. 16, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-13%20Coronavirus%20Restaurants-Bars%20%28tmp%29.pdf.
[14] *Id.* at p. 2.
[15] *Id.*
[16] *Id.* at p. 1.

-8-

41.     Also on March 16, 2020, Governor Inslee issued Proclamation 20-14, "Reduction of Statewide Limits on Gatherings," which prohibited all gatherings of fifty people or more in all Washington counties, including King County, and further prohibited gatherings of fewer people unless organizers of those activities complied with certain social distancing and sanitation measures.[17]

42.     On March 23, 2020, Governor Inslee issued Proclamation 20-25, "Stay Home – Stay Healthy."[18] The proclamation, which amends prior proclamations, requires that "[a]ll people in Washington State [] immediately cease leaving their home or place of residence except: (1) to conduct or participate in essential activities, and/or (2) for employment in essential business services."[19] The proclamation prohibits "all non-essential businesses in Washington State from conducting business, within the limitations provided herein."[20]

43.     Proclamation 20-25 continues a State of Emergency, and states that "the worldwide COVID-19 pandemic and its progression in Washington State continues to threaten the life and health of our people as well as the economy of Washington State, and remains a public disaster affecting life, health, property or the public peace."[21] The proclamation allows for restaurants and food services to operate only to "provid[e] delivery or take-away services" and "so long as proper social distancing and sanitation measures are established and implemented."[22]

---

[17] Proclamation 20-14 of Washington Gov. Jay Inslee, *Reduction of Statewide Limits on Gatherings* (Mar. 16, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-14%20COVID-19%20-%20Prohibitions%20on%20Gatherings%20%28tmp%29.pdf.
[18] Proclamation 20-25 of Washington Gov. Jay Inslee, *Stay Home – Stay Healthy* (Mar. 23, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-25%20Coronovirus%20Stay%20Safe-Stay%20Healthy%20%28tmp%29%20%28002%29.pdf.
[19] *Id.* at p. 3.
[20] *Id.* at p. 2.
[21] *Id.* at p. 1.
[22] *Id.* at p. 5.

CLASS ACTION ALLEGATION COMPLAINT                    Case No. _____

44.    On November 15, 2020, Governor Inslee issued Proclamation 20-25.8, "Stay Safe – Stay Healthy" "Rollback of County-by-County Phased Reopening Responding to a COVID-19 Outbreak Surge," which amended Proclamation 20-05 and 20-25, *et seq.*[23] The proclamation again closed restaurants and bars for indoor dine-in service.

45.    Proclamation 20-25.8 also prohibits indoor operations at a variety of business locations throughout Seattle and King County and elsewhere in the State of Washington, including but not limited to other restaurants and bars, fitness facilities and gyms, bowling centers, and movie theaters.[24]

46.    Governor's Inslee's proclamations and orders related to COVID-19 (collectively, "the proclamations and orders") have been extended and modified from time to time.[25]

47.    Plaintiff has complied with the proclamations and orders which have required it to close, suspend, and/or curtail its business.

48.    By order of Governor Inslee, restaurants including Plaintiff were prohibited from operating their businesses except according to the terms of the proclamations and orders.

49.    After Governor Inslee's order on March 17, 2020, Hillbro was unable to have customers enter into its dining room or eat any meals on its premises.

50.    Hillbro was not able to use its restaurant for its full insured purposed of sit-down dining and full-service bar.

---

[23] Proclamation 20-25.8 of Washington Gov. Jay Inslee, *"Stay Safe – Stay Healthy" Rollback of County-by-County Phased Reopening Responding to a COVID-19 Outbreak Surge* (Mar. 23, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/proc_20-25.8.pdf.
[24] *Id.* at pp. 3-4.
[25] *See, e.g.*, *Restaurant, Tavern, Breweries, Wineries and Distilleries COVID-19 Requirements*, Wash. Gov. Jay Inslee (updated Nov. 16, 2020), https://www.governor.wa.gov/sites/default/files/COVID19%20Phase%202%20and%203%20Restaurant%20and%20Tavern%20Guidance.pdf?utm_medium=email&utm_source=govdelivery.

CLASS ACTION ALLEGATION COMPLAINT                    Case No. _____

51.     No COVID-19 virus has been detected on Plaintiff's business premises.

52.     Among other things, Plaintiff complied with the proclamations and orders by preventing the public, including its customers, clients, and performers, from entering its places of business to participate in business activities such as consuming food and beverages and private events, which were routine and allowed prior to the issuance of the proclamations and orders.

53.     In order to comply with the proclamations and orders, Plaintiff was forced to suspend its business and incur extra expense.

54.     In order to comply with the proclamations and orders, Plaintiff was unable to use its restaurant, bar, and private event spaces for its insured purpose of sit-down dining, bar, and live entertainment.

55.     Plaintiff invested in its business property, insured the business property, and insured the income derived from its business property, but Plaintiff was deprived of its property's functionality due to the government's response to the COVID-19 pandemic.

56.     Loss caused by Governor Inslee's orders and proclamations and/or related to COVID-19 rendered Plaintiff's property unusable for its intended and insured purpose.

57.     Governors and civil authorities in other states have issued similar orders and proclamations, for similar reasons.

58.     Plaintiff's property has sustained direct physical loss and/or damages related to COVID-19 and/or the proclamations and orders.

59.     Plaintiff's property will continue to sustain direct physical loss or damage covered by the Oregon Mutual policy or policies, including but not limited to business interruption, extra expense, interruption by civil authority, and other expenses.

-11-

60.    Plaintiff's property cannot be used for its intended purposes.

61.    As a result of the above, Plaintiff has experienced and will experience loss covered by the Oregon Mutual policy or policies.

62.    Upon information and belief, Oregon Mutual has denied and will deny coverage to other similarly situated policyholders.

## V.  CLASS ACTION ALLEGATIONS

63.    This matter is brought by Plaintiff on behalf of itself and those similarly situated, under Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3).

64.    The Classes and Subclasses that Plaintiff seeks to represent are defined as:

A.    ***Business Income Coverage Breach of Contract Class:*** All persons and entities in the United States insured under an Oregon Mutual policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Business Income claim has been denied by Oregon Mutual.

B.    ***Business Income Coverage Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington insured under an Oregon Mutual policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Business Income claim has been denied by Oregon Mutual.

CLASS ACTION ALLEGATION COMPLAINT                                    Case No. _____

C.      ***Business Income Coverage Declaratory Relief Class:*** All persons and entities in the United States insured under an Oregon Mutual policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

D.      ***Business Income Coverage Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington insured under an Oregon Mutual policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

E.      ***Extended Business Income Breach of Contract Class***: All persons and entities in the United States insured under an Oregon Mutual policy with Extended Business Income coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extended Business Income claim has been denied by Oregon Mutual.

F.      ***Extended Business Income Breach of Contract Washington Subclass***: All persons and entities in the State of Washington insured under an Oregon Mutual policy with Extended Business Income coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Extended Business Income claim has been denied by Oregon Mutual.

-13-

G.     ***Extended Business Income Declaratory Relief Class:*** All persons and entities in the United States insured under an Oregon Mutual policy with Extended Business Income coverage who suffered a suspension of their business at the covered premises due to COVID-19 related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

H.     ***Extended Business Income Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington insured under an Oregon Mutual policy with Extended Business Income coverage who suffered a suspension of their business at the covered premises due to COVID-19 related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

I.     ***Extra Expense Breach of Contract Class:*** All persons and entities in the United States insured under an Oregon Mutual policy with Extra Expense coverage who incurred expenses while seeking to minimize losses from the suspension of business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extra Expense claim has been denied by Oregon Mutual.

J.     ***Extra Expense Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington insured under an Oregon Mutual policy with Extra Expense coverage who incurred expenses while seeking to minimize losses from the suspension of business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Extra Expense claim has been denied by Oregon Mutual.

-14-

K.      ***Extra Expense Declaratory Relief Class:*** All persons and entities in the United States insured under an Oregon Mutual policy with Extra Expense coverage who incurred expenses while seeking to minimize losses from the suspension of their business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

L.      ***Extra Expense Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington insured under an Oregon Mutual policy with Extra Expense coverage who incurred expenses while seeking to minimize losses from the suspension of their business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

M.      ***Civil Authority Breach of Contract Class:*** All persons and entities in the United States insured under an Oregon Mutual policy with Civil Authority coverage who suffered a loss of business income and/or extra expense related to the impact of COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Civil Authority claim has been denied by Oregon Mutual.

N.      ***Civil Authority Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington insured under an Oregon Mutual policy with Civil Authority coverage who suffered a loss of business income and/or extra expense related to the impact of COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Civil Authority claim has been denied by Oregon Mutual.

O.      ***Civil Authority Declaratory Relief Class:*** All persons and entities in the United States insured under an Oregon Mutual policy with Civil Authority coverage who

suffered a loss of business income and/or extra expense related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

P.    ***Civil Authority Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington insured under an Oregon Mutual policy with Civil Authority coverage who suffered a loss of business income and/or extra expense related to the impact of COVID-19 19 and/or orders issued by Governor Inslee, and/or other civil authorities.

Q.    ***Ingress Or Egress Coverage Breach of Contract Class:*** All persons and entities in the State of Washington insured under an Oregon Mutual policy with Ingress Or Egress coverage who suffered a loss of business income and/or extra expense related to the impact of COVID-19 19 and/or orders issued by Governor Inslee, and/or other civil authorities.

R.    ***Ingress Or Egress Coverage Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington insured under an Oregon Mutual policy with Ingress Or Egress coverage who suffered a loss of business income and/or extra expense related to the impact of COVID-19 19 and/or orders issued by Governor Inslee, and/or other civil authorities.

S.    ***Ingress Or Egress Coverage Declaratory Relief Class:*** All persons and entities in the State of Washington insured under an Oregon Mutual policy with Ingress Or Egress coverage who suffered a loss of business income and/or extra expense related to the impact of COVID-19 19 and/or orders issued by Governor Inslee, and/or other civil authorities.

-16-

CLASS ACTION ALLEGATION COMPLAINT                                    Case No. _____

T.      ***Ingress and Egress Coverage Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington insured under an Oregon Mutual policy with Ingress Or Egress coverage who suffered a loss of business income and/or extra expense related to the impact of COVID-19 19 and/or orders issued by Governor Inslee, and/or other civil authorities.

65.     Excluded from the Classes and Subclasses are Defendant's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff. Plaintiff reserves the right to amend the Class definition based on information obtained in discovery.

66.     This action may properly be maintained on behalf of each proposed Class under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

67.     **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical.  Plaintiff is informed and believes that each proposed Class and Subclass contains hundreds of members. The precise number of class members can be ascertained through discovery, which will include Defendant's records of policyholders.

68.     **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

A.      Whether the class members suffered covered losses based on common policies issued to members of the Class and Subclass;

B.      Whether Oregon Mutual acted in a manner common to the Class and Subclass by wrongfully denying claims for coverage relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

C.      Whether Business Income coverage in Oregon Mutual's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

D.      Whether Extended Business Income coverage in Oregon Mutual's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

E.      Whether Extra Expense coverage in Oregon Mutual's policies of insurance applies to efforts to minimize a loss relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

F.      Whether Civil Authority coverage in Oregon Mutual's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

G.      Whether Ingress Or Egress coverage in Oregon Mutual's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

H.      Whether Oregon Mutual has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

-18-

I.      Whether, because of Defendant's conduct, Plaintiff and the class members have suffered damages; and if so, the appropriate amount thereof; and

J.      Whether, because of Defendant's conduct, Plaintiff and the class members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

69.      **Typicality**: Plaintiff's claims are typical of the claims of the members of the classes. Plaintiff and all the members of the classes have been injured by the same wrongful practices of Oregon Mutual. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

70.      **Adequacy**: Plaintiff will fully and adequately assert and protect the interests of the classes and has retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiff nor its attorneys have any interests contrary to or in conflict with the Class.

71.      **Federal Rule of Civil Procedure 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiff seeks adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all members of the class. The prosecution of separate actions by individual members of the classes would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant. The policy interpretations sought by Plaintiff could also impair the ability of absent class members to protect their interests.

72.      **Federal Rule of Civil Procedure 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiff and other members

-19-

of the proposed classes making injunctive relief and declaratory relief appropriate on a classwide basis.

73.    **Federal Rule of Civil Procedure 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

## VI.  CAUSES OF ACTION

### Count One—Declaratory Judgment

*(Brought on behalf of the Business Income Coverage Declaratory Relief Class, Business Income Coverage Declaratory Relief Washington Subclass, Extended Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Washington Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Washington Subclass, Civil Authority Declaratory Relief Class, Civil Authority Declaratory Relief Washington Subclass, Ingress Or Egress Declaratory Relief Class, and Ingress Or Egress Declaratory Relief Washington Subclass)*

74.    Previous paragraphs alleged are incorporated herein.

75.    This is a cause of action for declaratory judgment pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. § 2201.

76.    Plaintiff brings this cause of action on behalf of the Business Income Coverage Declaratory Relief Class, Business Income Coverage Declaratory Relief Washington Subclass, Extended Business Income Declaratory Relief Class, Extended Business Income Declaratory

-20-

Relief Washington Subclass, Extra Expense Declaratory Relief Class, and Extra Expense

Declaratory Relief Washington Subclass, Civil Authority Declaratory Relief Class, Civil

Authority Declaratory Relief Washington Subclass, Ingress Or Egress Declaratory Relief Class,

and Ingress Or Egress Declaratory Relief Washington Subclass.

77.     Plaintiff seeks a declaratory judgment declaring that Plaintiff's and class members

losses and expenses resulting from the interruption of their business are covered by the Policy.

78.     Plaintiff seeks a declaratory judgment declaring that Oregon Mutual is responsible

for timely and fully paying all such claims.

### Count Two—Breach of Contract

*(Brought on behalf of the Business Income Coverage Breach of Contract Class, Business Income Coverage Breach of Contract Washington Subclass, Extended Business Income Breach of Contract Class, Extended Business Income Breach of Contract Washington Subclass, Extra Expense Breach of Contract Class, Extra Expense Breach of Contract Washington Subclass Civil Authority Breach of Contract Class, Civil Authority Breach of Contract Washington Subclass, Ingress Or Egress Breach of Contract Class,and Ingress Or Egress Breach of Contract Washington Subclass)*

79.     Previous paragraphs alleged are incorporated herein.

80.     Plaintiff brings this cause of action on behalf of the Business Income Coverage

Breach of Contract Class, Business Income Coverage Breach of Contract Washington Subclass,

Extended Business Income Breach of Contract Class, Extended Business Income Breach of

Contract Washington Subclass, Extra Expense Breach of Contract Class, Extra Expense Breach

of Contract Washington Subclass, Civil Authority Breach of Contract Class, Civil Authority

Breach of Contract Washington Subclass, Ingress Or Egress Breach of Contract Class, and

Ingress Or Egress Breach of Contract Washington Subclass.

-21-

81.     The Policy is a contract under which Plaintiff and the class paid premiums to Oregon Mutual in exchange for Oregon Mutual's promise to pay Plaintiff and the class for all claims covered by the Policy.

82.     Plaintiff has paid its insurance premiums.

83.     Upon information and belief, Oregon Mutual denied coverage for other similarly situated policyholders.

84.     Denying coverage for the claim is a breach of the insurance contract.

85.     Plaintiff is harmed by the breach of the insurance contract by Oregon Mutual.

## VII.    PRAYER

1.     A declaratory judgment that the policy or policies cover Plaintiff's losses and expenses resulting from the interruption of Plaintiff's business related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other authorities.

2.     A declaratory judgment that Defendant is responsible for timely and fully paying all such losses.

3.     Damages.

4.     Pre- and post-judgment interest at the highest allowable rate.

5.     Reasonable attorney fees and costs.

6.     Such further and other relief as the Court shall deem appropriate.

## VIII.   JURY DEMAND

Plaintiff demands a jury trial on all claims so triable.

-22-

DATED this 12th day of March, 2021.

KELLER ROHRBACK L.L.P.

By: *s/ Amy Williams-Derry*
By: *s/ Lynn L. Sarko\**
By: *s/ Gretchen Freeman Cappio\**
By: *s/ Irene M. Hecht\**
By: *s/ Ian S. Birk\**
By: *s/ Nathan Nanfelt\**
    Amy Williams-Derry, OSB #196524
    Lynn L. Sarko, WSBA #16569
    Gretchen Freeman Cappio, WSBA #29576
    Irene M. Hecht, WSBA #11063
    Ian S. Birk, WSBA #31431
    Nathan L. Nanfelt, WSBA #45273
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900
    Fax: (206) 623-3384
    Email: awilliams-derry@kellerrohrback.com
    Email: lsarko@kellerrohrback.com
    Email: gcappio@kellerrohrback.com
    Email: ihecht@kellerrohrback.com
    Email: ibirk@kellerrohrback.com
    Email: nnanfelt@kellerrrohrback.com

By: *s/ Neil Lindquist\**
    Neil T. Lindquist, WSBA #52111
    3724 Lake Washington Blvd NE
    Kirkland, WA 98033
    Telephone: (425) 372-7799
    Fax: (206) 636-1013
    Email: neil@lindquistlegal.com

*Attorneys for Plaintiff*

\* Applications for admission *pro hac vice* to be filed

-23-

CLASS ACTION ALLEGATION COMPLAINT                    Case No. _____